UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CHRISTOPHER R. CHIRAS,<br>    Plaintiff,<br><br>vs.<br><br>ASSOCIATED CREDIT SERVICES, INC.,<br>    Defendant, | CIVIL ACTION<br>NO. 12-10871-TSH |

### ORDER ON ASSOCIATED CREDIT SERVICES, INC.'S MOTION TO DISMISS OR, ALTERNATIVELY, FOR JUDGMENT ON THE PLEADINGS OR FOR SUMMARY JUDGMENT (Docket No. 3)
### July 23, 2012

**HILLMAN, D.J.**

### Background

Plaintiff, Christopher Chiras, filed a complaint seeking damages from Defendant, Associated Credit Services, Inc. ("Associated"), for allegedly violating the Fair Debt Collection Practices Act. 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Construing the *pro se* Plaintiff's Complaint liberally,[1] he appears to be alleging that Associated, which operates as a debt collection agency, violated the FDCPA by having telephoned the Plaintiff four times despite the Plaintiff having sent Associated a cease and desist letter. Plaintiff claims he is entitled to $1,000.00 for each call, amounting to $4,000.00 in total damages. Associated has filed a motion to dismiss for failure to

---

[1] Because the plaintiff is proceeding *pro se*, his complaint is "liberally construed." *Erikson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007) (per curiam) ("a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"). However, "*pro se* status does not insulate a party from complying with procedural and substantive law." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). Even under a liberal construction, the complaint must adequately allege the elements of a claim with the requisite supporting facts. *See id.*

state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, Defendant's Motion to Dismiss is granted.

## Discussion

In a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ruiz v. Bally Total Fitness Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard set forth in Rule 8 does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986)). A complaint will not suffice if it offers "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955. The Court need not consider "bald assertions [or] unsupportable conclusions." *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 190 (1st Cir. 1996). The complaint must also contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that the defendant has acted unlawfully. *Id.* Dismissal is appropriate if the plaintiff's well-pleaded facts do not "possess enough heft to show that the plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharms., LLC*, 521 F.3d 76, 84 (1st Cir. 2008).

In the light most favorable to the Plaintiff, the pleading does not adequately make out a claim for relief. In its only substantive paragraph, the Complaint asserts a violation of the "Fair

Debt Practices Act" without pointing to any specific provision of the statute. The Complaint is also devoid of any "factual enhancement" or specificity, such as the dates, times, or content of the allegedly unlawful telephone calls. The allegation in the Complaint, therefore, amounts to nothing more than a conclusory allegation that the Plaintiff suffered harm.

I will assume for purposes of this Order that the Plaintiff is alleging a violation of 15 U.S.C. § 1692c(c)[2].  However, that provision does not bar a de12bt collector from *all* further communications with a consumer who has sent a cease and desist letter, rather, it simply specifies the limited purposes for which such communication may be made. *See id*.  Therefore, the mere fact that Associated made four telephone calls to Plaintiff after having received a cease and desist letter is, as a matter of law, insufficient to support an inference that Associated violated § 1962c(c). The Complaint is, therefore, implausible on its face, and the Plaintiff has failed to state a claim, making dismissal appropriate.

## Conclusion

For the foregoing reasons, the Motion of Associated Credit Services, Inc. to Dismiss Or, Alternatively, for Judgment on the Pleadings or For Summary Judgment (Docket No. 3) is **GRANTED**.

                                            **/s/ Timothy S. Hillman**
                                            TIMOTHY S. HILLMAN
                                            DISTRICT JUDGE

---

[2] "If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except--
(1) to advise the consumer that the debt collector's further efforts are being terminated;
(2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy."